**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**STEVEN MICHAEL MILLER,**

    *Plaintiff*,

**v.**                                       **Case No.  SA-25-CV-01625-JKP**

**WALMART INC.,  WAL-MART**
**STORES TEXAS, LLC,  WAL-MART**
**REAL ESTATE BUSINESS TRUST,**
**WALMART SUPERCENTER STORE**
**#470,**

    *Defendants*.

## ORDER OF REMAND

Before the Court is the parties' Joint Motion to Remand, (*ECF No. 11*). In the Joint Motion, the parties state:

3. Following removal, Plaintiff stipulates by signature of his counsel below that he does not seek, nor would he accept, more than $75,000.00 in total damages against Defendants for the entirety of claims made in his lawsuit. Plaintiff also stipulates that this stipulation limiting damages to no more than $75,000.00 applies to all personal injury damages and property damages and is irrevocable and that he will not seek to modify this stipulation.

4. As a result, the Parties agree that remand of this case is appropriate, and they respectfully request that the Court grant this Motion and enter an order remanding this action to the state district court from whence it was removed.

*Id.* at 1–2.

Accordingly, Plaintiff has presented Defendants with a stipulation that the amount in controversy in this case does not exceed $75,000. Based on that presentation, Defendants agree that this case should be remanded. Absent an amount in controversy exceeding $75,000, this Court lacks jurisdiction over this case.[1] The Court thus **GRANTS** the Joint Motion, (*ECF No. 11*).

For the reasons stated in this Order, the Court **REMANDS** this matter to the 131st Judicial District Court, Bexar County, Texas. The Clerk of Court shall effect this remand in accordance with the usual procedure of the Court consistent with 28 U.S.C. § 1447(c). The parties are responsible for their own costs, expenses, and attorney fees.

**The Court directs the Clerk of Court to close this matter for all purposes.**

It is SO ORDERED.
SIGNED this 19th day of February, 2026.

JASON  PULLIAM
UNITED STATES DISTRICT JUDGE

---

[1] In addition, Defendants' decision not to oppose remand provides sufficient grounds to reman on its own. *Brown v. Heintz*, No. 16-13697, 2017 WL 604034, at *2 (E.D. La. Feb. 15, 2017) (collecting cases); *see also Williams v. Parker*, 843 F.3d 617, 621 (5th Cir. 2016) ("[T]he party invoking federal jurisdiction bears the burden of establishing its existence." (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103-04 (1998))); *Jackson v. City of New Orleans*, No. 95-1340, 1995 WL 599046, at *1 (E.D. La. Oct. 10, 1995) (holding that plaintiff's remand motion "could be granted as unopposed").